COMMONWEALTH OF MASSACHUSETTS  
HAMPSHIRE, SS.

Superior Court Department of the  
Trial Court of the Commonwealth  
Civil Action

No. HSCV2006-00117

JILL ELDREDGE, Plaintiff

, Plaintiff (s)

v.

HARVEY M. LEDERMAN, M.D., NEIL BACH, M.D. AND HILLTOWN COMMUNITY HEALTH CENTERS, INC.

, Defendant (s)

SUMMONS

Jan/15, 2010

A TRUE AND ATTESTED COPY  
_____  
DEPUTY SHERIFF

To the above-named Defendant : Hilltown Community Health Centers, Inc.

You are hereby summoned and required to serve upon Barry Bachrach, plaintiff's attorney, whose address is 62 Paxton Street, Leicester, MA 01524, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a) your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire at Northampton, the Thirteenth day of January , in the year of our Lord two thousand and ten.

_____  
CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort – Motor Vehicle Tort – Contract – Equitable relief.

[Left margin, sideways:] NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: HSCV2006-00117

JILL ELDREDGE,
    Plaintiff,

v.

HARVEY M. LEDERMAN, M.D.,
NEIL BACH, M.D. AND HILLTOWN
COMMUNITY HEALTH CENTERS, INC.
    Defendants.

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL INTRODUCTION

This is a claim of medical malpractice against two of the plaintiffs' physicians for failing to recognize that the plaintiff had a baseball sized tumor in her skull which was producing a number of serious, increasingly debilitating symptoms including loss of balance, headaches, confusion, memory loss and sluggish thought processes. None of the physicians timely referred the plaintiff for appropriate imaging studies to make an appropriate and timely diagnosis. The failure to proceed with appropriate imaging studies led to a significant delay in the diagnosis of the large, dominant hemisphere brain tumor and delay in surgical intervention. The delay resulted in persistent cognitive dysfunction, excessive time off from work, loss of earning potential and extreme pain and suffering.

## PARTIES

1. Plaintiff, Jill Eldredge, is a natural person residing in Huntington, Hampshire County, Massachusetts.

2. Defendant, Harvey M. Lederman, M.D. (hereafter "Lederman"), is a natural person and physician duly licensed to practice medicine in the Commonwealth of Massachusetts who maintains an office at 118 Conz Street, Northampton, Hampshire County, Massachusetts.

3. Defendant, Neil Bach, M.D. (hereafter "Bach"), is a natural person and physician duly licensed to practice medicine in the Commonwealth of Massachusetts residing in Florence, Hampshire County, Massachusetts.

4. Defendant, Hilltown Community Health Centers, Inc. (hereafter "Hilltown") is a Massachusetts corporation in health care practice with a principle place of business located at 58 Old North Road, Worthington, Hampshire County, Massachusetts.

## FACTS

5. Starting in 1999, the plaintiff complained to her then primary care physician, Bach, of significant headaches, often associated with fever, nausea, vomiting and photophobia.

6. Around January 2000, the plaintiff again began having headaches occurring every day around 5:00 p.m. and spreading from her neck into the forehead and peri orbital areas.

7. From January 2000 through October 2000, plaintiff repeatedly complained to Bach about her head pain increasing in frequency and severity.

8. As early as February 9, 2000, and on repeated occasions thereafter, Bach indicated that plaintiff should have a head MRI, but for varying reasons unknown to plaintiff and reasons which did not make sense, Bach did not schedule a head MRI of the plaintiff.

9. In July 2000, Bach ordered a cervical MRI of the plaintiff, which came back normal.

10. Nevertheless, even though plaintiff continued to suffer from headaches, Bach never ordered a head MRI of the plaintiff.

11. Among other reasons, frustrated with the the lack of care by Bach, plaintiff transferred her care to Harvey Lederman, M.D., in October 2000.

12. On October 7, 2000, the plaintiff was involved in a motor vehicle accident for which she was prescribed a period of physical therapy for injuries unrelated to headaches.

13. During the first half of 2002, the plaintiff treated with a chiropractor who advised Dr. Lederman in a letter dated July 23, 2002 that Ms. Eldredge had also complained of significant memory loss and deterioration of her handwriting.

14. The chiropractor requested that Dr. Lederman refer her for for a neurological consultation for further evaluation because of her deteriorating condition.

15. Between August 2002 and January 2003, the plaintiff treated with another chiropractor who documented headaches as the day wore on, decreased memory and cognitive impairment together with symptoms of headache, neck pain and ear pain.

16. On August 28, 2002, Ms. Eldredge was seen in neurological consultation by John J. O'Connell, M.D. Dr. O'Connell noted complaints of memory loss and intermittent writing difficulty. He also recorded a history of occipital headaches which radiated frontally.

17. The plaintiff came under the care of Dr. MacAtee at the Northampton Wellness Associates in March 2003 with complaints of neck and upper back pain, headaches, whiplash and lack of clarity of thinking and memory. He noted that Ms. Eldredge

2

complained of a decrease in fine motor control and muscle twitching over the past three to four months associated with some general fatigue. He noted Ms. Eldredge had not worked since January 2003 because of neck and back pain and an inability to drive. He did not prescribe any therapeutic intervention or neuro imaging studies.

18. The plaintiff again saw Dr. O'Connell on March 4, 2003 and, again, Dr. O'Connell noted classic symptoms of a serious brain tumor including dizziness, feeling "off balance", memory loss, forgetfulness, poor language, shakiness and headaches.

19. The plaintiff finally received an MRI on May 29, 2003 which revealed a large heterogenous dural based mass in the left middle and interior cranial fossae measuring about 5.1 x 6.5 x 6.5 cm - about the size of a baseball.

20. The plaintiff had surgery for removal of the tumor on June 14, 2003 at Brigham & Women's Hospital.

21. The plaintiff recovered slowly, and suffered pain and other significant losses.

22. Had the plaintiff received appropriate imaging studies in a timely manner, the brain tumor would have been diagnosed and removed earlier by surgical intervention.

23. The delay in ordering appropriate testing and appropriate referrals for surgical intervention has caused the plaintiff permanent impairment, great pain and suffering, economic loss and loss of future earning potential.

24. At all times relevant to the instant Second Amended Complaint, Bach treated plaintiff at Hilltown.

25. At all times relevant to the instant Second Amended Complaint Bach was an employee of Hilltown.

### COUNT I
### (Negligence Against Harvey M. Lederman, M.D.)

26. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 of her complaint and incorporates them herein by reference.

27. At all times relevant hereto, the defendant, Harvey M. Lederman, M.D., owed the plaintiff, Jill Eldredge, a duty to exercise the degree of care reasonably expected of an average member of the defendant's profession practicing in his specialty.

28. The defendant, Harvey M. Lederman, M.D., deviated from the standard of care reasonably expected of a physician practicing his specialty by failing to appropriately diagnose the plaintiff's brain tumor and/or by failing to refer the plaintiff to a qualified specialist for the proper diagnosis and treatment of said brain tumor.

3

29. As a direct and proximate result of the defendant, Harvey M. Lederman, M.D.'s, deviations from the standard of care, the tumor increased substantially in size causing the plaintiff to suffer substantial damages, including multiple medical procedures, extraordinary medical costs, great pain and suffering, lost earnings and earning capacity, and permanent mental, emotional, cognitive and physical impairments.

WHEREFORE, the plaintiff, Jill Eldredge, seeks judgment against the defendant, Harvey M. Lederman, M.D., in an amount that will adequately compensate her for her damages plus interest, costs and attorney's fees and such other relief as this court may deem just and proper.

## COUNT II
### (Negligence Against Neil Bach, M.D.)

30. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 of her complaint and incorporates them herein by reference.

31. At all times relevant hereto, the defendant, Neil Bach, M.D., owed the plaintiff, Jill Eldredge, a duty to exercise the degree of care reasonably expected of an average member of the defendant's profession practicing in his specialty.

32. The defendant, Neil Bach, M.D., deviated from the standard of care reasonably expected of a physician practicing his specialty by failing to appropriately diagnose the plaintiff's brain tumor and/or by failing to refer the plaintiff to a qualified specialist and/or refer the plaintiff for diagnostic imaging studies for the proper diagnosis and treatment of said brain tumor.

33. As a direct and proximate result of the defendant, Neil Bach, M.D.'s, deviations from the standard of care, the tumor increased substantially in size causing the plaintiff to suffer substantial damages, including multiple medical procedures, extraordinary medical costs, great pain and suffering, lost earnings and earning capacity, and permanent mental, emotional, cognitive and physical impairments.

WHEREFORE, the plaintiff, Jill Eldredge, seeks judgment against the defendant, Neil Bach, M.D., in an amount that will adequately compensate her for her damages plus interest, costs and attorney's fees and such other relief as this court may deem just and proper.

## COUNT III
### (Negligence Against Hilltown Community Health Centers, Inc.)

34. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 of her complaint and incorporates them herein by reference.

35. At certain times relevant hereto, the plaintiff was a patient of the defendant, Hilltown Community Health Centers, Inc..

36. The defendant, Hilltown Community Health Centers, Inc., owed the plaintiff, Jill Eldredge, a duty to exercise the degree of care reasonably expected from an average health care practice at that time.

37. Through its agents, servants and employees, the defendant, Hilltown Community Health Centers, Inc., deviated from the standard of care reasonably expected from a health care practice by failing to appropriately diagnose the plaintiff's brain tumor and/or by failing to refer the plaintiff to a qualified physician for the proper diagnosis and treatment of said brain tumor.

38. As a direct and proximate result of the defendant, Hilltown Community Health Centers, Inc's, deviations from the standard of care, the tumor, when ultimately diagnosed, was advanced significantly causing the plaintiff to suffer substantial damages, including multiple medical procedures, extraordinary medical costs, great pain and suffering, lost earnings and earning capacity, and permanent mental, emotional, cognitive and physical impairments.

WHEREFORE, the plaintiff, Jill Eldredge, seeks judgment against the defendant, Hilltown Community Health Centers, Inc, in an amount that will adequately compensate her for her damages plus interest, costs and attorney's fees and such other relief as this court may deem just and proper.

## COUNT III
### (Vicarious Liability Against Hilltown Community Health Centers, Inc.)

39. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 of her complaint and incorporates them herein by reference.

40. At certain times relevant hereto, Defendant Dr. Neil Bach treated the plaintiff at Hilltown Community Health Centers, Inc.

41. Defendant Dr. Neil Bach was employed by the defendant, Hilltown Community Health Centers, Inc.

42. Defendant Hilltown Community Health Centers, Inc. is vicariously liable for the negligence of its employees.

43. As a direct and proximate result of the defendant, Hilltown Community Health Centers, Inc's, vicarious liability from the negligence of the defendant, Dr. Neil Bach, the plaintiff was caused to suffer substantial damages, including multiple medical procedures, extraordinary medical costs, great pain and suffering, lost earnings and earning capacity, and permanent mental, emotional, cognitive and physical impairments.

WHEREFORE, the plaintiff, Jill Eldredge, seeks judgment against the defendant, Hilltown Community Health Centers, Inc, in an amount that will adequately compensate her for her damages plus interest, costs and attorney's fees and such other relief as this court may deem just and proper.

**DEMAND FOR MEDICAL MALPRACTICE TRIBUNAL AND JURY TRIAL.**
**THE PLAINTIFF HEREBY DEMANDS A MEDICAL MALPRACTICE TRIBUNAL AND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Jill Eldredge,
By her attorney,

_____
Barry Bachrach, Esquire (#025490)
The Law Office of Barry Bachrach
62 Paxton Street
Leicester, MA 01524
Telephone No.: (508) 892-1533
Date: January 8, 2010    Facsimile No.: (508) 892-1633

### CERTIFICATE OF SERVICE

I, Barry Bachrach, hereby certify that on this 8th day of January 2010 I served a copy of the within Second Amended Complaint and Claim for Jury Trial, via first class mail, postage prepaid, to the following counsel of record:

Jennifer Fennell, Esquire
Fennell, Liquori & Powers
84 Park Street
West Springfield, MA 01089

_____
Barry Bachrach

6